# EXHIBIT 1

 CT Corporation

**Service of Process
Transmittal**
02/05/2018
CT Log Number 532742954

**TO:**  Anthony Donnarumma
24 Seven, LLC
41 Madison Ave Fl 37
New York, NY 10010-2257

**RE:**  **Process Served in California**

**FOR:**  24 Seven Talent California, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | I3ROOKE OSBORN, etc., Pltf. vs. 24 Seven Talent California, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Attachment(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC18564036 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/05/2018 at 14:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | JEREMY PASTERNAK<br>LAW OFFICES OF JEREMY PASTERNAK, PC<br>445 Bush St 6th Flr<br>San Francisco, CA 94108<br>415-693-0300 |
| **REMARKS:** | Delay due to incorrect address on file. Updated address obtained. Delivery re-attempted. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780136469074 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

FEB 0 5 2018

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

24 SEVEN TALENT CALIFORNIA, LLC, a Delaware Limited
Liability Company; Additional Parties Attachment Form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BROOKE OSBORN, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **The court's lien must be paid before the court will dismiss the case.** The court's statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC-18-564036** |
|---|---|

Civic Center Courthouse
400 McAllister St., San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeremy Pasternak, Deanna L. Maxfield; 445 Bush St., 6th Floor, San Francisco, CA 94108; 415-693-0300.

| DATE: JAN 31 2018<br>*(Fecha)* | CLERK OF THE COURT<br>Clerk, by<br>*(Secretario)* DE LA VEGA NAVARRO, Rossaly | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

BY FAX
ONE LEGAL LLC

3. ☒ on behalf of *(specify)*: 24 Seven Talent California, LLC, a Delaware Limited Liability Company

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
      ☒ other *(specify)*: Corps. C. 17701.16 (LLC)

4. ☐ by personal delivery on *(date)*:

FEB 0 5 2018

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Osborn v. 24 Seven Talent California, LLC., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

24 SEVEN, LLC, a Delaware Limited Liability Company;
Does 1-20, inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  JEREMY PASTERNAK, ESQ., BAR NO: 181618
   DEANNA L. MAXFIELD, ESQ., BAR NO: 291913
2  LAW OFFICES OF JEREMY PASTERNAK
   A Professional Corporation
3  445 Bush St., Sixth Floor
   San Francisco, CA 94108
4  Telephone: (415) 693-0300
   Facsimile: (415) 693-0393
5
   Attorneys for Plaintiff
6  BROOKE OSBORN

**ENDORSED**
**F I L E D**
San Francisco County Superior Court
FEB 0 1 2018
CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

7       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            FOR THE COUNTY OF SAN FRANCISCO

9              CIVIL - UNLIMITED JURISDICTION

10                                          CGC-18-564036

11  BROOKE OSBORN, an individual,          ) Case No. _____
                                          )
12            Plaintiff,                    ) COMPLAINT FOR DAMAGES FOR:
                                          )
    v.                                     )
13                                         ) 1.  Discrimination on the Basis of Sex in
    24 SEVEN TALENT CALIFORNIA, LLC, a     )     Violation of the California Fair
14  Delaware Limited Liability Company; 24 SEVEN,)  Employment and Housing Act (Cal.
    LLC, a Delaware Limited Liability Company; and)  Gov. Code §§ 12940, et seq.);
15  Does 1-20, inclusive,                  )
                                          ) 2.  Retaliation in Violation of the Fair
16            Defendants.                   )     Employment and Housing Act, for
                                          )     Taking Pregnancy Disability Leave
17                                         )     (Cal. Gov. Code §§ 12940, et seq.);
                                          )
18                                         ) 3.  Violation of the California Pregnancy
                                          )     Disability Leave Act (Cal. Gov. Code
19                                         )     §§ 12945, et seq.);
                                          )
20                                         ) 4.  Failure to Investigate and/or Remedy
                                          )     Claims of Discrimination and/or
21                                         )     Harassment in Violation of the Fair
                                          )     Employment and Housing Act (Cal.
22                                         )     Gov. Code §§ 12940, et seq.);
                                          )
23                                         ) 5.  Wrongful Constructive Termination
                                          )     in Violation of Public Policy;
24                                         )
                                          ) DEMAND FOR JURY TRIAL
25                                         )
                                          )
26  _____      )
                                                    BY FAX
27                                                  ONE LEGAL, LLC

28

-1-

Complaint for Damages and Demand for Jury Trial

## COMPLAINT

Now comes **BROOKE OSBORN**,  Plaintiff in this action, and files this Complaint, and further alleges as follows:

### Parties to the Civil Action

1.      Plaintiff BROOKE OSBORN (hereinafter "Plaintiff" or "Ms. Osborn") is a female adult natural person who is and was at all times mentioned herein a resident of the State of California.

2.      Plaintiff is informed and believes, and thereon alleges that Defendant 24 Seven, LLC and/or Does 1-20, were, at all times material to this Complaint, the employer of the Plaintiff and were doing business in the County of San Francisco, California.

3.      Plaintiff is informed and believes and thereon alleges that 24 Seven Talent California, Inc., was, at all times material to this Complaint, the employer of the Plaintiff and was doing business in the County of San Francisco, California. 24 Seven Talent California, Inc., is no longer an active corporation within the State of California. Its successor entity and successor-in-interest is Defendant 24 SEVEN TALENT CALIFORNIA, LLC, whose business address is 49 Geary Street, Suite 402, San Francisco, CA 94108.

4.      Plaintiff is informed and believes and thereon alleges that there exists and, at all times relevant to this complaint, existed a unity of interests between the Defendants and/or Does 1-20 such that any individuality and separateness between Defendants and/or Does 1-20 has ceased, and Defendants and/or Does 1-20 are the alter ego of the Defendants and/or Does 1-20 and exerted control over each other.  Adherence to the fiction of the separate existence of Defendants and/or Does 1-20 as an entity distinct from other certain Defendants and/or Does 1-20 will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-20 inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend his Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein, and that the damages of Plaintiff

1   alleged herein were proximately caused by these Defendants.

2        6.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in

3   this Complaint, Defendants and/or Does 1-20 were the agents and employees of their co-Defendants

4   and/or Does 1-20, and in doing the things alleged in this Complaint were acting within the course

5   and scope of such agency and employment and acted in such a manner as to ratify the conduct of

6   their co-Defendants and/or Does 1-20.

7                     **Exhaustion of Administrative Remedies**

8        7.     Plaintiff has filed a "Complaint of Discrimination Under The Provisions of The

9   California Fair Employment and Housing Act" against Defendants herein with the California

10   Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" Notice

11   and therefore has satisfied all administrative exhaustion requirements with respect to the claims

12   herein.

13                        **Venue and Jurisdiction**

14        8.     Venue is proper before this court as a substantial part of the actions and injuries

15   giving rise to this Complaint took place at in San Francisco, California, and because Plaintiff

16   performed a substantial amount of her labors for Defendants and/or Does 1-20 in San Francisco,

17   California.

18        9.     Further, one or more of the Defendants, specifically 24 SEVEN TALENT

19   CALIFORNIA, LLC, has its main corporate office in California, and specifically the County of San

20   Francisco. Pursuant to the holding of <u>Hertz Corp. v. Friend</u> (2010) 130 S. Ct. 1181, "principal place

21   of business" is best read as referring to the place where a corporation's officers direct, control, and

22   coordinate the corporation's activities, the location referred to therein as the corporation's "nerve

23   center." As the <u>Hertz</u> case held, in practice it should normally be the place where the corporation

24   maintains its headquarters so as to perform those functions referenced above.

25        10.     Subject matter in this action is properly heard in this Court, as the action incorporates

26   an amount in controversy as set forth in the complaint which exceeds $25,000.00.

27        11.     At all times mentioned herein, California Government Code Section 12900, et seq.,

28   was in full force and effect, and was binding upon Defendants and/or Does 1-20.

1    12.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

2    1-20 are employers subject to suit under FEHA in that Defendants and/or Does 1-20 have 5 or more

3    employees doing business in the State of California.

4                              **Facts Common to All Causes of Action**

5    13.    At all relevant time periods herein, Plaintiff was an employee of Defendants and/or

6    Does 1-20 herein. She worked as a Senior Account Manager for Fashion and Retail. She had been

7    employed by Defendant and/or Does 1-20 since approximately March, 2007.

8    14.    In or around December, 2015, Ms. Osborn announced to her supervisor, Deborah

9    Cristal, that she was pregnant and anticipated taking maternity leave.

10    15.    Thereafter, Ms. Cristal's attitude toward Ms. Osborn changed. She began supervising

11    Ms. Osborn much more closely and expressed concern that "a lot of things are changing" (or similar

12    words). She also expressed concern about whether Ms. Osborn would be prepared to have others

13    take over for her while she was on maternity leave.

14    16.    Ms. Cristal instructed Plaintiff to hire an employee to support her, and Plaintiff did

15    so. However, Ms. Cristal then began giving Plaintiff's accounts away to the new employee.

16    17.    In advance of her maternity leave, Plaintiff expressed concerns to Ms. Cristal about

17    not having a place to express breastmilk after she returned from her leave. Ms. Cristal told Plaintiff

18    that she would need to "pump in the bathroom."

19    18.    Plaintiff went on maternity leave in March, 2016. During the leave, Plaintiff spoke

20    to Ms. Cristal, who told her that she had promoted the employee who Plaintiff had hired to support

21    her into the same position as Plaintiff, and that Plaintiff would no longer be supervising that

22    employee of the one other employee Plaintiff had supervised. When Plaintiff protested, Ms. Cristal

23    told her, "I don't think you'll have the time to manage any more" (or similar words).

24    19.    Ms. Cristal also told Plaintiff that a promotion, which Plaintiff had discussed with

25    Defendant and/or Does 1-20's CEO shortly before her maternity leave, was out of the question. Ms.

26    Cristal told Plaintiff, "I'll never promote you on a four-day-a-week schedule," despite the fact that

27    Plaintiff had been working four days per week for approximately three years at that point.

28    20.    Ms. Cristal also told Plaintiff that she did not have a desk anymore and that she was

1  not sure where Plaintiff would sit in the office when she returned.

2       21.    Plaintiff reported her concerns to Defendant and/or Does 1-20's Human Resources

3  Department ("HR") on several occasions both before and during her maternity leave.  In each case,

4  the HR representative immediately informed Ms. Cristal of Plaintiff's complaints (in some cases,

5  in direct contravention of Plaintiff's explicit request) and did not address the complaints themselves.

6  As Ms. Cristal explicitly told Plaintiff, the fact that Plaintiff spoke to HR about her made her angry.

7  On at least one occasion, Ms. Cristal started refusing to speak to Plaintiff after Plaintiff spoke to HR.

8       22.    On July 5, 2016, Plaintiff resigned from her job with Defendants and/or Does 1-20.

9

10

11  **First Cause of Action**
**Discrimination on the Basis of Sex in Violation of the Fair Employment and Housing Act**
**(Cal. Gov. Code §§ 12940, et seq.)**

12  As Against All Defendants and/or Does 1-20

13       23.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set

14  forth herein.

15       24.    Plaintiff is protected from discrimination on the basis of her sex, including but not

16  limited to on the basis of stereotypes about her sex, by California Gov. Code §§12940, et seq.

17       25.    Plaintiff is informed and believes and thereon alleges that she was discriminated

18  against in the terms and conditions of her employment, as outlined above, on the basis of her sex

19  and/or stereotypes about her sex, in violation of FEHA.

20       26.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

21  1-20 willfully and/or with reckless indifference, violated California Government Code Sections

22  12940 et seq., and discriminated against Plaintiff as outlined above, on the basis of sex and/or sex-

23  based stereotypes.  Such discrimination has resulted in damage and injury to Plaintiff as alleged

24  herein.

25       27.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does

26  1-20, Plaintiff has suffered special damages including but not limited to past and future loss of

27  income, benefits, medical expenses, and other damages to be proven at time of trial.

28       28.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does

1  1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment,

2  physical distress and injury, humiliation, emotional distress, stress and other damages to be proven

3  at the time of trial.

4         29.    The unlawful conduct alleged above was engaged in by the officers, directors,

5  supervisors and/or managing agents of Defendants and/or Does 1-20 who were acting at all times

6  relevant to this Complaint within the scope and course of their employment.  Defendants and/or

7  Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of

8  Strict Liability.

9         30.    Defendants and/or Does 1-20 committed the acts herein alleged maliciously,

10  fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were

11  committed by and/or ratified by, and or were committed with the knowledge of their discriminatory

12  nature but were allowed to proceed, by officers, directors, and/or managing agents of Defendants

13  and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants

14  and/or Does 1-20 in an amount according to proof at trial.

15         31.    As a result of the conduct of Defendant and/or Does 1-20, Plaintiff was forced to

16  retain an attorney in order to protect her rights.  Accordingly, Plaintiff seeks the reasonable

17  attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

18        WHEREFORE, Plaintiff prays for judgment as set forth below.

19  <u>**Second Cause of Action**</u>
20  **Retaliation in Violation of the Fair Employment and Housing Act, for Taking Pregnancy Disability Leave**
**(Cal. Gov. Code §§ 12940, et seq.)**
21  As Against All Defendants and/or Does 1-20

22         32.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth

23  above as though fully set forth herein.

24         33.    Plaintiff is informed and believes, and thereon alleges that because she took

25  pregnancy disability leave she was retaliated against in her employment.  This retaliation included

26  but was not limited to the removal of her supervisory authority, denial of a promotion, and

27  constructive termination of her employment with Defendants and/or Does 1-20.

28         34.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

1    1-20 willfully and/or with reckless indifference, violated California Government Code § 12940 et

2    seq. and retaliated against Plaintiff as outlined above, which has resulted in damage and injury to

3    Plaintiff as alleged herein.

4          35.    As a direct and proximate result of Defendants' and/or Does 1-20's unlawful conduct,

5    Plaintiff has suffered special damages including but not limited to past and future loss of income,

6    benefits and other damages to be proven at time of trial.

7          36.    As a direct and proximate result of Defendants' and Does 1-20's unlawful conduct,

8    Plaintiff has suffered general damages including but not limited to shock, embarrassment, emotional

9    distress, stress and other damages to be proven at the time of trial.

10         37.    The unlawful conduct alleged above was engaged in by the officers, directors,

11    supervisors and/or managing agents of Defendants and/or Does 1-20's who were acting at all times

12    relevant to this Complaint within the scope and course of their employment.  Defendants and/or

13    Does 1-20 are therefore liable for the conduct of said agents and employees under the Doctrine of

14    Strict Liability.

15         38.    Defendants and/or Does 1-20 committed the acts herein alleged maliciously,

16    fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were

17    committed by and/or ratified, and/or were committed with the knowledge of their harassing nature

18    but were allowed to proceed, by officers, directors, and/or managing agents of Defendants and/or

19    Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants in an

20    amount according to proof at trial.

21         39.    As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to

22    retain an attorney in order to protect her  rights.  Accordingly, Plaintiff seeks the reasonable

23    attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

24         WHEREFORE, Plaintiff prays for judgment as set forth below.

25

26                       **Third Cause of Action**
              **Violation of the California Pregnancy Disability Leave Act**
                   **(Cal. Gov. Code §§ 12945, et seq.)**

27                 **As Against All Defendants and/or Does 1-20**

28         40.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth

1 | above as though fully set forth at this place.

2 |     41.    California law, including California Government Code § 12945 and 2 California
3 | Code of Regulations § 11043, provide that a covered employer must permit a female employee
4 | disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable
5 | period of time not to exceed four months and thereafter return to work to the same position she held
6 | before the leave.

7 |     42.    Plaintiff is informed and believes, and thereon alleges, that she was constructively
8 | terminated and her right to reinstatement after her pregnancy disability leave was violated, as set
9 | forth herein, because she was not returned to her same position after her pregnancy disability leave,
10 | but instead her supervisory duties were removed, she was denied desk space, and she was
11 | constructively terminated.

12 |     43.    As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has
13 | suffered special damages including but not limited to past and future loss of income, benefits, and/or
14 | other damages to be proven at time of trial.

15 |     44.    As a direct and proximate result of the unlawful acts of Defendants and/or Does 1-20,
16 | Plaintiff has suffered general damages including but not limited to shock, embarrassment,
17 | humiliation, emotional distress, stress and/or other damages to be proven at the time of trial.

18 |     45.    The unlawful conduct alleged above was engaged in by the officers, directors,
19 | supervisors and/or managing agents of Defendants and/or Does 1-20 who were acting at all times
20 | relevant to this Complaint within the scope and course of their employment.  Defendants and/or
21 | Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of
22 | Strict Liability.

23 |     46.    Defendants and/or Does 1-20 committed the acts herein alleged maliciously,
24 | fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were
25 | committed by and/or ratified by, and or were committed with the knowledge of employee's lack of
26 | fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents
27 | of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from
28 | Defendants and/or Does 1-20 in an amount according to proof at trial.

1    47.    As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to

2    retain an attorney in order to protect her rights.   Accordingly, Plaintiff seeks the reasonable

3    attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

4        WHEREFORE, Plaintiff prays for judgment as set forth below.

5

6                                    **Fourth Cause of Action**

7    **Failure to Investigate and/or Remedy Claims of Discrimination and/or Harassment in
     Violation of the Fair Employment and Housing Act
     (Cal. Gov. Code section §§ 12940, et seq.)**

8    **As Against All Defendants and/or Does 1-20**

9    48.    Plaintiff hereby incorporates each and every paragraph set forth above, as if fully set

10   forth herein.

11   49.    Plaintiff is informed and believes, and thereon alleges that Defendants failed to take

12   reasonable steps to investigate and/or remedy claims of discrimination and/or harassment in

13   violation of the California Fair Employment and Housing Act.

14   50.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

15   1-20 willfully and/or with reckless indifference violated California Gov. Code §§12940, et seq., by

16   failing to prevent the discrimination and/or harassment from occurring and/or investigate and

17   remedy the discrimination and/or harassment.

18   51.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does

19   1-20, Plaintiff has suffered special damages including but not limited to past and future loss of

20   income, benefits, and other damages to be proven at time of trial.

21   52.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does

22   1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment,

23   humiliation, emotional distress, stress and other damages to be proven at the time of trial.

24   53.    The unlawful conduct alleged above was engaged in by the officers, directors,

25   supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times

26   relevant to this Complaint within the scope and course of their employment.   Defendants and/or

27   Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of

28   Strict Liability.

54.   Defendants and/or Does 1-20 committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or ratified by, and/or were committed with the knowledge of their harassing nature but were allowed to proceed, by officers, directors, and/or managing agents of Defendants and/or Does 1-20.   Plaintiff is, therefore, entitled to recover punitive damages from Defendants and/or Does 1-20 in an amount according to proof at trial.

55.   As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights.   Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### Fifth Cause of Action
**Wrongful Constructive Termination in Violation of Public Policy**
As Against All Defendants and/or Does 1-20

56.   By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

57.   At all times mentioned herein, California Government Code Section 12900, et seq. and its interpretive regulations, as well as the Constitution of the State of California, were in full force and effect, and set forth the policy of the State of California.   It is the public policy of the State of California to protect and safeguard the right and opportunity of all persons to seek and hold employment without discrimination or abridgment on account of sex and/or requests for protected leave.

58.   As is set forth above, because of the unlawful discriminatory and retaliatory animus that is set forth elsewhere herein, which were in violation of the California Fair Employment and Housing Act, the California Pregnancy Disability Leave Act, the California Constitution, Article 1 Section 8, and their interpretive regulations, Defendants and/or Does 1-20 discriminated and/or retaliated against Plaintiff in such a way which would have caused any reasonable person such as Plaintiff, situated similarly to Plaintiff, to be constructively terminated from her employment by Defendants and/or Does 1-20.

59.   Plaintiff is informed and believes, and thereon alleges that Defendants and/or Does 1-20 constructively and wrongfully terminated the employment of Plaintiff in violation of the public

1   policy of the State of California as is set forth in herein and other applicable provisions of law.

2       60.     As a direct and proximate result of Defendants' and Does 1-20 unlawful conduct,

3   Plaintiff has suffered special damages including but not limited to past and future loss of income,

4   benefits, medical expenses, and other damages to be proven at time of trial.

5       61.     As a direct and proximate result of Defendants' and Does 1-20's unlawful conduct,

6   Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical

7   distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time

8   of trial.

9       62.     The unlawful conduct alleged above was engaged in by the officers, directors,

10  supervisors and/or managing agents of Defendants and/or Does 1-20 who were acting at all times

11  relevant to this Complaint within the scope and course of their employment.  Defendants and/or

12  Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of

13  Strict Liability.

14      63.     Defendants and/or Does 1-20 committed the acts herein alleged maliciously,

15  fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were

16  committed by and/or ratified by, and or were committed with the knowledge of employees' lack of

17  fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents

18  of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from

19  Defendants and/or Does 1-20 in an amount according to proof at trial.

20          WHEREFORE, Plaintiff prays for judgment as set forth below.

21                          **Prayer for Relief**

22          WHEREFORE, Plaintiff makes the following demand:

23  As to the First through Fourth Causes of Action set forth herein, Plaintiff prays:

24      a)      That process be issued and served as provided by law, requiring Defendants to

25              appear and answer or face judgment;

26      b)      That Plaintiff have and recover a judgment against Defendants in an amount to be

27              determined at trial as general, special, actual, compensatory and/or nominal damages

28              for their wrongful conduct;

1        c)     That Plaintiff have and recover a judgment against Defendants for punitive damages

2                    in an amount to be determined at trial sufficient to punish, penalize and/or deter

3                    Defendants;

4        d)     That Plaintiff have and recover a judgment against Defendants in an amount to be

5                    determined at trial for expenses of this litigation, including, but not limited to,

6                    reasonable attorney's fees and costs;

7        e)     That Plaintiff have and recover a judgment against Defendants for all prejudgment

8                    interest;

9        f)     That Plaintiff have such other relief as this Court deems just and appropriate.

10   For the Fifth Cause of Action set forth herein, Plaintiff prays:

11       a)     That process be issued and served as provided by law, requiring Defendants to

12                   appear and answer or face judgment;

13       b)     That Plaintiff have and recover a judgment against Defendants in an amount to be

14                   determined at trial as general, special, actual, compensatory and/or nominal damages

15                   for their wrongful conduct;

16       c)     That Plaintiff have and recover a judgment against Defendants for punitive damages

17                   in an amount to be determined at trial sufficient to punish, penalize and/or deter

18                   Defendants;

19       d)     That Plaintiff have and recover a judgment against Defendants in an amount to be

20                   determined at trial for expenses of this litigation;

21       e)     That Plaintiff have and recover a judgment against Defendants for all prejudgment

22                   interest;

23       f)     That Plaintiff have such other relief as this Court deems just and appropriate.

24

25

26

27   ///

28   ///

1    Date:   February 1, 2018                    **LAW OFFICES OF JEREMY PASTERNAK**
                                                   **A Professional Corporation**

2

3

4                                               By: _____
                                                   JEREMY PASTERNAK
5                                                  DEANNA L. MAXFIELD
                                                   Attorneys for Plaintiff
6                                                  BROOKE OSBORN

     **Plaintiff Demands Trial by Jury.**
7

8

     Date:   February 1, 2018                    **LAW OFFICES OF JEREMY PASTERNAK**
9                                                  **A Professional Corporation**

10

11

12                                              By: _____
                                                   JEREMY PASTERNAK
13                                                 DEANNA L. MAXFIELD
                                                   Attorneys for Plaintiff
14                                                 BROOKE OSBORN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NUMBER: CGC-18-564036  BROOKE OSBORN VS. 24 SEVEN TALENT CALIFORNIA LI

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

|  |  |
|---|---|
| **DATE:** | **JUL-11-2018** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610**<br>**400 McAllister Street**<br>**San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



**Superior Court of California, County of San Francisco**

**Alternative Dispute Resolution**
**Program Information Package**



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San . Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

(B) **JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

(C) **PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

(A) **JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

(B) **PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.

 **Superior Court of California**
County of San Francisco 

HON. JOHN K. STEWART
PRESIDING JUDGE

# Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

    The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Michael I. Begert | The Honorable Harold E. Kahn |
| The Honorable Suzanne R. Bolanos | The Honorable Curtis E.A. Karnow |
| The Honorable Angela Bradstreet | The Honorable Charlene P. Kiesselbach |
| The Honorable Andrew Y.S. Cheng | The Honorable James Robertson, II |
| The Honorable Samuel K. Feng | The Honorable Richard B. Ulmer, Jr. |
| The Honorable Charles F. Haines | The Honorable Mary E. Wiss |

    Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____    _____
**Name of Party Stipulating**                        **Name of Party Stipulating**

_____    _____
**Name of Party or Attorney Executing Stipulation**     **Name of Party or Attorney Executing Stipulation**

_____    _____
**Signature of Party or Attorney**                      **Signature of Party or Attorney**

☐ Plaintiff ☐ Defendant ☐ Cross-defendant            ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____                     Dated: _____

— — — — ☐ – *Additional signature(s) attached* — —  — — —

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| | |
| TELEPHONE NO.:                      FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE** <br>(Amount demanded   (Amount demanded is $25,000 <br>exceeds $25,000)   or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                    Time:                Dept.:              Div.:                Room:

Address of court *(if different from the address above)*:

☐  Notice of Intent to Appear by Telephone,  by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in ☐  complaint  ☐  cross-complaint  *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ . *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐ Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  Referral to judicial arbitration or civil action mediation (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(data)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement (name):
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other (specify):
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

|  | **CM-110** |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):***  _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▷ _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▷ _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) After a Trial Date has been Set: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) After Trial Assignment: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

---

## Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____ v; _____

_____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____

| Name of Party | Name of Party/Attorney | Signature of Party |
|---|---|---|
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules.*

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT–010–INFO, New January 1, 2011*



## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program** (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: **www.sfbar.org/esp**

## Who are the Panelists?

They are experienced attorneys with at least 10 years of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney may who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney. to pay for the cost of running this program. If you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

/ email esp@sfbar.org

/ phone 415-982-1600

/ fax 415-989-0381

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.

# Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more...

# TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

George Yuhas, Esq.
Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq.
Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement -- we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

Leslie Caplan
Global Warming Campaign Manager
Bluewater Network

"BASF staff was very helpful -- stayed on the task and kept after a hard to reach party. The mediator was great!"

Mark Abelson, Esq.
Campagnoli, Abelson & Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

Denise A. Leadbetter, Esq.
Zacks, Ulrecht & Leadbetter



# MEDIATION SERVICES



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
www.sfbar.org/mediation

adr@sfbar.org or
415-982-1600



THE BAR ASSOCIATION OF
SAN FRANCISCO

# QUALITY          EXPERIENCE          TRUST

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600